## IN THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Elisa Betz** | * | |
| **Plaintiff** | * | |
| **v.** | * | **Case No. 1:19-cv-02100-ADC** |
| **Crows Nest Associates, L.L.C.** *et al.* | * | |
| **Defendants** | * | |

/

## JOINT MOTION TO APPROVE
## FLSA SETTLEMENT AGREEMENT

The parties jointly move that the Court approve the attached Settlement Agreement (Exh.

1). In support of this Motion, the parties state as follows:

1.   Generally speaking, "[u]nder the FLSA, 'there is a judicial prohibition against the

unsupervised waiver or settlement of claims.' " *Kianpour v. Restaurant Zon, Inc., et al.*, DKC 11-

0802, 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) (*quoting Taylor v. Progress Energy, Inc.*, 493

F.3d 454, 460 (4th Cir. 2007)); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199

(2nd Cir. 2015) ("Thus, Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with

prejudice require the approval of the district court or the DOL to take effect.), *Duprey v. Scotts Co.*

*LLC,* 30 F. Supp. 3d 404, 407 n.2 (D. Md. 2014) (discussing issues of dismissal under Fed. R. Civ.

P. 41(a)(1)(A) and noting that the Eleventh Circuit has held that all FLSA settlements require court

approval.).[1]  "Nevertheless, '[c]laims for FLSA violations can … be settled when the settlement is

supervised by the [Department of Labor] or a court.' " *Id.* (*quoting Taylor*, 415 F.3d at 374

(alterations in original); *see also Gionfriddo et al. v. Jason Zink, LLC, et al.*, RDB 09-1733, 2011

---

[1]   *But see Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019) ("we hold
that judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims.").

WL 2791136, *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval."). In general, Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. *Duprey*, 30 F. Supp. 3d at 407-08. Although the Fourth Circuit has not directly addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit" in *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11ᵗʰ Cir. 1982). *Saman v. LBDP, Inc.*, No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing *Hoffman v. First Student, Inc.*, No. WDQ–06–1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D. Md. 2010)); *see also Nyamira v. Little Kampala Services, LLC*, 2018 WL 5026371 at *2 (D. Md. Oct. 17, 2018). The settlement must 'reflect[ ] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408 (*citing Saman*, 2013 WL 2949047 at *3). *See also Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC*, No. DKC–10–2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.' " *Duprey*, 30 F. Supp. 3d at 408 (*citing Lynn's Food Stores*, 679 F.2d at 1354).

2. As detailed in the Plaintiff's Complaint, this is a case involving a bartender who was employed by Defendants who alleged that she was not paid for all her hours worked ("shaved hours" claim), was paid below the legally mandated minimum wage, and was not paid an overtime

premium for all hours that she worked in excess of 40 hours a week. (ECF Doc. 1). Plaintiff

further alleges in her Complaint that Defendant failed to inform her that Defendants were taking a

so-called "tip credit" against Defendants' minimum wage obligations, the amount of the tip credit,

or that Plaintiff had the right to retain all tips except in a valid tip pooling arrangement, or any of

the other requirements set out by law. *Id.* Finally, Plaintiff alleges in her Complaint that

Defendants failed to allow Plaintiff Betz to retain all of her tips insofar as they maintained an

unlawful policy of requiring her to pay for customer walkouts, mis-rung food or drink, or other

business losses. *Id.* Defendants have denied Plaintiff's allegations and deny that she is owed any

minimum or overtime wages.

3.   Defendants have provided the records of the Plaintiff's hours of work (wage/hour

records) along with the records of wage payments (wage payment records).   Relying on an

independent expert (Michael Kimel, Ph.d (economics)), Plaintiff prepared an expert report

detailing the amount of potential damages.[2]   Plaintiff's expert report indicated that Plaintiff was

owed $4,080.52 in damages using just Defendants' existing records, and if Plaintiff's recollection

of her actual hours were to fully believed by a jury, Plaintiff would be owed as much as $8,457.92

in damages, exclusive of statutory (liquidated damages).

4.   Thus, a dispute existed between the parties as to whether any damages were owed and

if so, the proper amount of damages, and the manner in which those damages should be calculated.

Parties engaged in mediation in order to resolve this dispute, and both parties appeared before the

Hon. Beth P. Gesner on January 28, 2020 represented by their respective undersigned counsel.

---

[2]      The Plaintiff's reliance on an expert report provides additional assurance that Plaintiff was
competently represented in this matter and that settlement is fair. *See Stephens v. Mac Business Solutions*,
CBD 15-3057, 2016 WL 3653970, *3 (D. Md. July 8, 2016) (Finding that one of the factors involved in
approving an FLSA case (the extent of discovery) was satisfied where, among other things, "Plaintiffs
employed the services of a forensic accountant to calculate potential unpaid overtime.").

The parties engaged in an hours-long mediation session, involving extensive back and forth negotiations.[3] Defendants maintained that Plaintiff had been paid properly and did not work overtime as she alleged. To resolve the matter without further costs and litigation regarding whether the amounts claimed were due or the amount of statutory damages were proper, without admitting liability, Defendants agreed to pay the Plaintiff $12,000.00 in minimum wage, overtime, and liquidated damages, which Plaintiff agreed to accept as a compromise with respect to her maximum damage claim.

5. Following the mediation, a Settlement Agreement was prepared by undersigned counsel. A copy of the Settlement Agreement, signed by the parties, is attached hereto as   Exhibit 1.

6. Plaintiff states that, based on the calculations set forth in her expert's report, she is receiving more than the full value of her claim if calculations were based strictly on the employer's records, and slightly less than 1.5x her alleged damages, based on calculations that rely on the Plaintiff's recollection. Based on the dispute between the parties, counsel for the Plaintiff can attest that Plaintiff's settlement is the product of arm's-length negotiations, and that the Settlement Agreement is reasonable and fair, considering the facts and issues in controversy. *See* Exhibit 1; Exhibit 2 (Hoffman Declaration).

7. There is one remaining issue requiring the Court's attention, i.e., the approval of the Attorneys' Fees and Costs.

8. "[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged

---

[3] The Parties' reliance on the Court's supervised mediation process should provide some assurance to this Court that this Settlement is fair and is not the product of unfair collusion. *See Temporary Services, Inc. v. AIG, Inc.*, 2012 WL 2370523, *12 (D.S.C. June 22, 2012) ("[S]upervision by a mediator lends an air of fairness to agreements that are ultimately reached." (citing cases)).

employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane*, 2011 WL 3880427, at *3); *see also Kianpour*, 2011 WL 5375082, at *3, *Nyamira*, 2018 WL 5026371, at * 4, *Cerritos v. 4806 Rugby Avenue LLC*, 2018 WL 2290706 at *3 (D. Md. May 18, 2018), *Dominguez v. Microfit Auto Parts, Inc. et al.*, 2019 Wl 423403 at *4 (D. Md. Feb. 4, 2019). "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is "defined as a reasonable hourly rate multiplied by hours reasonably expended." *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation omitted).

9.    Under the Settlement Agreement, Plaintiff's counsel would receive $8,000.00 for Attorneys' Fees and Costs incurred. *See* Exhibit 1.  Plaintiff's counsel submits Declarations together with their detailed billing statement. *See* Exhibits 2, 2-A, 3, and 4.  As detailed in his billing statement, Howard B. Hoffman has worked on Plaintiff's claims at the hourly rate of $400.00,[4] and has worked 13.3 hours.  *See* Exhibits 2 and 2-A.  Jordan S. Liew, an associate attorney employed by Hoffman, who is an experienced and capable attorney admitted in the State of Maryland, worked on Plaintiffs' claims at an hourly rate of $215.00, and worked 14.2 hours.[5] *See* Exhibit 3.  Scott E. Kraff, an associate attorney employed by Hoffman, who is an experienced

---

[4]    Mr. Hoffman has over 20 years of relevant legal experience.  The requested hourly rate – $400 an hour – falls within the range specified by Appendix B of the Local Rules for the United States District Court for the District of Maryland and was awarded to Hoffman in *Jackson et al. v. Egira, LLC, et al.*, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016), where the Court overruled objections to the claimed hourly rate of $400.  Specifically, L.R. Appendix B provides that an attorney who has been admitted to the bar between fifteen and nineteen years may reasonably charge an hourly rate between $275 and $425.  This Court has previously held that Mr. Hoffman's requested rate of $400.00/hour is both "presumptively reasonable," and "reasonable considering Mr. Hoffman's years of experience in wage and hour law." *Dominguez*, 2019 WL 423403 at *6 n.4.

[5]    Mr. Liew has 4 years of experience and the requested rate of $215.00/hour falls within the range listed by L.R. Appendix B(3)(a), which provides that an attorney with less than 5 years of experience bills between $150.00 to $225.00.

and capable attorney admitted in the State of Maryland, worked on Plaintiffs' claims at an hourly rate of $205.00, and worked 22.8 hours.[6] *See* Exhibit 4. Timothy J. McGarry, a law clerk and recent law school graduate employed by Hoffman, worked on Plaintiffs' claims at an hourly rate of $150.00 and worked 1.9 hours. *See* Exhibit 2. In addition to the above, costs in this case amount to a total of $1,420.00. *See* Exhibit 2 ¶ 5; see also Exhibit 2-A. Therefore, the total fees and costs incurred to date are $14,752.00. *See* Exhibit 2 ¶ 6; see also Exhibit 2-A. As such, the total amount of attorneys' fees and costs that Plaintiff's counsel would receive under the Agreement is reasonable under the lodestar evaluation.

WHEREFORE, the parties request that this Court approve the proposed Settlement Agreement as a fair and reasonable resolution of the parties' FLSA dispute and approve and issue the proposed Order implementing the terms of the Settlement Agreement.

Respectfully submitted

_____/s/_____
Howard B. Hoffman, Esq. #25965
Jordan S. Liew, Esq. #20509
Scott E. Kraff, Esq. #20899
Hoffman Employment Law, LLC
600 Jefferson Plaza, Suite 204
Rockville, Maryland 20852
(301) 251-3752 (phone)
(301) 251-3753 (fax)
hhoffman@hoholaw.com
jliew@hoholaw.com
skraff@hoholaw.com

*Counsel for Plaintiff*

_____/s/  (with permission)_____
David J. Preller, Jr., Esq. #02097
Preller, Preller & Paliath
307 W. Pennsylvania Ave.
Towson, Maryland 21204
(410) 494-1494 (phone)
(410) 498-1987 (fax)
Jr.office@prellerlaw.com


*Counsel for Defendants*

---

[6]      Mr. Kraff has 3 years of experience and the requested rate of $205.00/hour falls within the range listed by L.R. Appendix B(3)(a), which provides that an attorney with less than 5 years of experience bills between $150.00 to $225.00.

6